# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUNTEZ HAIRSTON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 07-704-DRH ) |
| NICOLE WALKER, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff, a prisoner at the St. Clair County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In this action, Plaintiff seeks damages for allegedly unlawful conditions of confinement and allegedly unlawful actions taken against him while confined. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Title 28 U.S.C. § 1915A provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim on which relief
    may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such
    relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 ( 2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## THE COMPLAINT

Plaintiff's *pro se* complaint is divided into seven numbered paragraphs. After reviewing the complaint, however, the Court finds it appropriate to rearrange the factual allegations into six counts, as stated below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against Defendants Walker and Ampadue for denying Plaintiff adequate medical care for a tooth condition. Briefly, Plaintiff alleges that he and Walker had a confrontation and, in retaliation, Walker falsely claimed that Plaintiff was not taking his prescribed pain medication. Walker's report caused Ampadue to discontinue Plaintiff's prescription.

**COUNT 2:** Against nurse Kari for giving Plaintiff a shot without getting permission from a physician to administer the medication.

**COUNT 3:** Against Defendant Walker for spitting in Plaintiff's face after he accused her of mixing medications together.

**COUNT 4:** Against unknown defendants for leaving him in a full restraint chair for a time period longer than allowed by Jail rules.

**COUNT 5**: Against unknown defendants for beating another (unnamed) inmate and for leaving another inmate, inmate Ware, in the full restraint chair for over twenty hours.

**COUNT** 6: Against Defendant Walker, Defendant Sutherland, nurse Kelly, and Paul Pinkerton for making fun of the size of Plaintiff's penis.

## DISCUSSION

At the outset, the Court must address the effect that the recent decision in *George v. Smith*, ___ F.3d ___, 2007WL3307028 (7th Cir., Nov. 9, 2007), has on this case. In *George*, the Seventh

Circuit directed district courts to scrutinize *pro se* prisoner complaints which assert multiple claims against multiple defendants for compliance with Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure. As explained in *George*:

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claims, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. . . .
>
> A buckshot complaint that would be rejected if filed by a free person - say, a suit complaining A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions - should be rejected if filed by a prisoner. George did not make any effort to show that the 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is "common to all defendants."

*Id.* At *1-2.

Applying these principles to the instant complaint, Plaintiff's claims against Defendant Walker in Counts 1, 3 and 6 may be brought in a single complaint. Fed. R. Civ. P. 18(a). Plaintiff's claims in Counts 2, 4, and 5 are completely unrelated to Plaintiff's claims against defendant Walker. Specifically, Counts 2, 4, and 5 are not part of the same transaction or series of transactions nor do they present a question of fact that is common to all defendants. Consequently, claims 2, 4, and 5 should be dismissed without prejudice.

The Court further notes that Plaintiff's claim against Defendant Walker in Count 1 is identical to a claim that Plaintiff has asserted in a prior case that is still pending before the Court in *Hairston v. McCain*, No. 07-687 (S.D. IL). Principles of judicial economy dictate that Count 1 should be dismissed. If Plaintiff wishes to amend, supplement, or elaborate upon his claim that Walker had his pain medication stopped for retliatory reasons, he should file such amendment, supplement, or elaboration in that prior case. Therefore, Plaintiff's Count 1 is dismissed without

prejudice.

With respect to Counts 3 and 6, it is unclear whether plaintiff is pretrial detainee or a convicted person. Although claims brought pursuant to section 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) without differentiation." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Therefore, the Court will analyze Counts 3 and 6 under the Eighth Amendment standard.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001). While the Court does not condone the actions of Defendant Walker in allegedly spitting upon Plaintiff, this use of force can only be described as being de minimis.

With regard to Count 6, isolated, infrequent incidents of verbal abuse do not give rise to an Eighth Amendment claim. *See, e.g., Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992).

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as a strike under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**This 3rd day of December, 2007.**

/s/     DavidRHerndon
**Chief Judge**
**United States District Court**